Good afternoon, counsel. My name is Dan LeBure, I'm with the Office of the State Health Defender, and I represent Mr. Larke. Mr. Larke was convicted of possession of intent to deliver a controlled substance, and the defendant asked today that this court reverse his conviction and mandatory proceedings. There are three issues in this case, two new trial issues and one new sentencing issue. I will focus our time today on the two new trial issues, but I can answer any questions about the third issue if necessary. The first issue is that the trial court erred when it admitted the defendant's prior conviction without properly comparing the facts of the prior offense with the facts of the charge in this case. The defendant respectfully asked this court to review his decision and he will be liable. In this case, the defendant was charged with possession of intent to deliver cocaine. The state moved to admit the defendant's previous 2010 Cook County conviction for possession of intent to deliver cannabis to show knowledge and intent in this case. This was based only on the fact that he was previously convicted for intent to deliver cannabis. The state provided no other underlying facts of that previous conviction. Now admittedly, this case is exactly the same as this court's decision in the Peoples v. Watkins, in which this court held under similar facts that there was at least a bare minimum threshold similarity to admit the prior conviction. However, the defendant respectfully asked this court to review that decision because the determination should involve more than just comparing the face of the previous conviction with the new charge in this case. Under Watkins, all intent to deliver convictions are created equal, but that's really not true realistically. As we discussed in the briefs, there's a wide range of drug quantities and activities that could lead a person to be charged with intent to deliver. A previous conviction alone in that way would not automatically show that a defendant knew what he was doing in this case. For example, especially considering the prevalence of medicinal marijuana and legalized marijuana, it's very possible for a person to bring marijuana or several drugs to a party with him, intending to share with friends, and could be then charged with intent to deliver cannabis. Well, isn't that, if you hand cannabis to somebody, isn't that a delivery? Well, yes it may be, Your Honor, but that doesn't mean that that person knows anything about selling cocaine or heroin or how it's packaged or how it's delivered. That doesn't mean that all sales and delivery are the same. That's why you need to compare the underlying facts of each case. Certainly you wouldn't say that that person who's just sharing some joints with his friends, hypothetically, is the same thing as a defendant who's selling heroin on the street corner. You wouldn't say that the analogy would be the same there. Automatically, you would have to prove, the state would have to show the underlying facts of the prior offense and how they relate to the facts of the infringement. And that just simply wasn't the case. As I was saying, under Watkins, all that is necessary is to just show up with the face of the charge saying, possession of intent to deliver cannabis. In this case, the court admitted it on the case alone. What were the underlying facts of this prior conviction? We have no idea, Your Honor. I have no idea. They weren't presented in the records office. So how would we know if there's any prejudice? Well, that's the point, Your Honor, because we don't know what the underlying facts are. It can only be admitted as evidence to show that he is a drug dealer and he knows how to sell drugs. But we don't know if that's the case because we have no idea what the underlying facts of the prior conviction are. That's why there has to be some display of the underlying facts to at least have that confidence to say that these two things are at least similar enough. That the state can use it as intent or knowledge. And not just say, well, the jurors say, well, we have his previous conviction. He's obviously a drug dealer. But that's not enough. Well, I guess my point was, how do we, I mean, if we knew the facts, we could say, well, yeah, see, that's reversible, or B, no, any error. But not, it would harm us because it would have come in anyway. Well, that's the exact problem, right? We don't know that evidence was in the jury and the jury convicted him based on that prior sentence. How could the court have properly balanced the probative value of the prejudicial effect if it didn't know what the prior basis of that charge was? At that rate, the only way that that prior conviction was used was to show that he wasn't, that's the only way that the jury is a jury. That's the only way the jury really could have interpreted it. That's exactly how it was used at trial. To show that the defendant sold drugs in the past, which we don't know if that was even the underlying charge, which is an early conviction, and was convicted of a crime. But doesn't, isn't it, Walker is saying now is, you know, because it's an intent to deliver, whether it's cannabis, cocaine, heroin, whatever, that that, just because it's an intent to deliver, that is, that meets the threshold requirement for the comparison and looking at, you know, the threshold similarity? That's exactly what Watkins said. Watkins said, the face of the charge alone, under those circumstances, was at least the bare minimum threshold similarity. Now, a small difference in Watkins was there's at least a footnote that acknowledges there was some more information in the record. I probably don't know what that information was. Over here, we have no information in the footnote for attribution. So in that regard, Watkins says that the state only has to show that it was a prior conviction or intent to deliver, and that all intent to deliver charges are created the same. But that's not going to show the knowledge and intent that the state uses that information for. So, simply, there has to be more underlying facts involved, and we respectfully request the court to review the decision of Watkins. Next, the trial court aired and did not answer the jury's question about the effect of a deadlocked jury on the verdict. During deliberations, the jury asked the court, if we have a hung jury, will the defendant be found not guilty on all charges? The defendant argued and objected that the court should answer the jury, no. Obviously, a hung jury does not mean that the defendant will be found not guilty on all charges. That's not how it works. The court simply said, continue on. And they, obviously, let the jury continue to defend. Now, the jury had the option of choosing one of three verdicts, guilty of intent to deliver, guilty of a lesser included offense of guilty of possession of a controlled substance, and for not guilty. Now, the jury asked an explicit question about a point of the law over which there is confusion, and the court should have answered it. You know, simply, what happens if we can't decide? How do they get to that conclusion? The question meant that they did not understand, or at least unclear, about the interaction of all their jury instructions. And as I said, to answer that question, it is not. A hung jury does not mean that the defendant will be found not guilty on all charges. The question is not relevant. It goes straight to the harder decision they had to make, a unanimous decision of guilt or innocence. And in this case, if they were hung on at least the first charge, they had the option of a lesser included charge. And we don't know what their question was going to be getting at. The court had a duty to answer that question, and if necessary, clarify the question and then answer that question. Simply put, the jury verdict can't be trusted due to the possible confusion that wasn't cleared up by the court. Therefore, this court should reverse the defendant's conviction and remain in court proceedings. Thank you. Mr. White. May it please the court, counsel. First of all, the people argued that the defendant forfeited the first issue of one of the intended to deliver candidates to be admitted at trial to show defendant's talents. He failed to deliver the issue in the trial court once the defendant started to show what he was doing in this case. This trial was not lodged out fairly easy, I think. This side of the platform case, Judge Rice is one of the judges who helped in the platform case. All we need to show is that the conviction on its face is similar enough to show that there was intent to deliver and that he did it for the limited purpose of showing that the defendant did his work. In the Hastings case, the Watkins case, the trial judge balanced the prejudice against the public value. He gave a limiting instruction. The jury was told that he had this prior conviction and they used it only for that limited purpose. The facts are almost indistinguishable. Here, the trial judge did the same thing. Both crimes were close in time. Watkins, it was three or four years. This case, it was five years from his last conviction. As I understand it, I believe that the defense counsel is asking that this court reverse this decision in Watkins. But Watkins is very similar. Everything was done properly. Just looking at the face of the prior conviction, this wasn't just some bad act of some person taking a joint to a party and sharing it with his friends. That would be more of a bad act. Under this scenario, we have actually a conviction which there's no doubt that the defendant committed this other inexact crime. The procedures were in place. The prior conviction was limited just for the limited purpose. So, under the plenary rule, Watkins was not a forfeiture issue, but it was reserved as appeal. In this case, the defendant forfeited it. But in Watkins, they found no period of trial judgment in his discretion. I ask that you follow your decision in Watkins and find that there was no period here. I'll go with my brief and explain the other two provinces of claim here. Issue, but there's no need to reach claim here. The jury wanted to know what would happen if there was a non-jury case that tells us that the trial court should attempt to clarify the question when the jury raises number one, an explicit question. Number two, a point of law arising from the facts. And number three, over which there is doubt or confusion. The question whether there would be a non-jury is irrelevant to what the jury's task was in this case. What we're missing here is point number two. It has to be a point of law arising from the facts. This is just a general question. It doesn't have anything to do with the case. The jurors didn't have to find out whether the defendant would be released if there was a non-jury. The trial judge appropriately just told the jurors, you have your jury instructions and to continue on. That was the proper thing for the trial judge to do. He did not use his discretion. Again, this was a forfeiture issue. The defendant has the burden that people submit that there was no care. I will also go through the plain care analysis. But again, we should stop at the first determination of the plain care rule, which states that the first thing you have to do is attempt to find if there was care, if there was no care. Just quickly on issue three, whether the sentencing amendment should apply retroactively to the defendant. In this case, I believe the language of the statute is clear. The first rule of statutory interpretation is to give effect to the intent of the legislature. If you look at the public act, which I cited in my brief, it says that the statute became effective on January 1, 2018. The defendant committed his offense on 2015, and he was sentenced on 2016. Unfortunately for this defendant, he's out of luck because his crimes were committed prior to the effective date. I cited the Honor case. That was the Supreme Court case, which was very similar. Same reasoning. The defendant there was a juvenile. The legislature passed an amendment to the firearm enhancement statute, where federal judges could determine whether or not to apply the firearm enhancement to a juvenile. They look to the section four of the statute on the statutes, which expressly provides that a penalty for a mature offender should be mitigated by any provision to be dropped. Such provision may be applied to consider a prior defective, and be applied to any judgment pronounced after the new law takes effect. So just comparing the plain language of the statutes of the legislature and the Hunter decision, it's clear that you cannot apply the amendment. The defendant seeks to apply, in this case, retroactively. It can only be applied after the effective date, which is January 1, 2018. And for all those reasons, the defense is to continue to ask questions. Mr. Weaver, some rebuttal? Yes, Your Honor. Counselor, I have to argue that these issues have been forfeited, so I'll start with the plain error argument first. And as we've argued in the briefs, other crimes evidence, but what the issues wanted me to do with the crimes evidence and jury instructions, have been looked at under second-default plain error. But in this case, I'd like to point out that, as we've argued, the facts of this case and the evidence seem to be closely balanced. There was no evidence that the defendant was trying to sell cocaine. It was put in at trial. The jury had to rely on the testimony of only Detective Oster to decide whether the evidence suggested he had to deliver. At trial, he was the person who said that the evidence itself suggested he had to deliver. It was up to the jury to decide whether or not they believed his testimony to that effect. And the fact that the defendant's first trial ended in a home jury is at least some evidence that they didn't believe him in the first trial. And the evidence was not what we wanted. The defendant's second trial was almost exactly the same as the first trial. For those reasons, we've argued that it's closely balanced, and this Court should look past the court's judgment and review it under plain error. If I may, again, we acknowledge that the facts of this case are almost exactly similar to Watkins. However, as we've argued before, it's just not enough information. In fact, it's such that the face of any conviction can be used. And for that, we respectfully request that this Court relook at the decision that people made. The second issue, counsel described it, the question is whether or not you're supposed to question a point of the law over whether, excuse me, over which there was confusion. And State Attorney said it was just a general question. But as I described before, it's more than just a general question of law, based on the facts of this case. It's really, like I said, that's all of the, this goes to the heart of what the jury was supposed to decide. We're confused over the effect of our decision in this case. Even though it wasn't specifically to a fact that arose from the case, this is the ultimate question that they had to answer. And, of course, it's a point of the law over which they have confusion. Whether the effect of a hung jury was a question they had to answer? I'm sorry? The question was what happens if we can't come to a decision? Correct. What's the effect of that? What about this case would require them to decide that? Well, at least that sounds like they were unclear about how they need to go about answering the jury. And if it wasn't clear to the court, then we have questions now. Because the trial court needed to clarify that question in order to properly answer it, and they didn't do that in this case. And just briefly, as far as the third issue is concerned, we'll stand on the arguments made in the briefs, with the one caveat that the public act itself does not set, did not set an effective date for when that would go into effect. The editors and reporters of Westlaw and West Texas, they do add some editor information at the bottom of their statutes and public acts. I think that is what the state is referring to. Nothing in the public act, the face of the public act itself, sets information like the enacted date of the effective date. Thank you. All right. Well, thank you both for your arguments here this afternoon. This matter will be taken under advisement. A written disposition will be issued.